KLAGUS and wife, Respondents, vs. CITY OF BARABOO, Appellant.

*December 14, 1923—January 15, 1924.*

*Injunction: Land leased to municipal corporation for quarry purposes: Blasting: Stones cast on adjoining lands.*

1. Although plaintiffs knew when they bought their farm that their predecessor in title had leased part of it to a city for quarrying and had given the city a right to use blasting material in taking out the rock on the leased premises, the city will be enjoined from casting stones upon plaintiffs' land in such quantities or of such sizes as in any way to endanger life or materially damage growing crops. p. 505.
2. While generally every person may use his private premises free from trespasses of strangers to the title, there may be inconsequential trespasses which a court of equity would not enjoin. p. 505.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action in equity to enjoin the defendant city of *Baraboo* from operating its stone quarry in such manner as to cast stones upon the plaintiffs' premises to the injury of their crops and stock or to endanger their persons.

Trial was had before the circuit judge, who made findings of fact and conclusions of law in substance as follows: At the time the plaintiffs purchased their farm they knew that their predecessors in title had leased to the defendant a certain ledge of rock and stone containing about four acres, which was a part of the farm occupied by the plaintiffs, which lease included the necessary lands surrounding said ledge, not exceeding three rods in width, to be used in connection with said quarry; that the lease gave the city the right to operate engines, make excavations, drill wells, erect buildings, and to use any blasting material deemed necessary by them in blasting said rock upon the leased premises.

During the year 1922 defendant conducted its blasting operations in the quarry so as to throw pieces of rock upon

plaintiffs' field adjoining the quarry and upon and about the plaintiffs' home and farm buildings, which were situated sixty or seventy rods from the quarry; that the stones so thrown by the blasting operations were of sufficient size to endanger the life and safety of persons, to damage crops, and to render the harvesting of such crops dangerous and difficult.

The quarry can be so operated, and has been so operated prior to the year 1922, as not to cast stones upon the plaintiffs' land in such a manner as to damage crops or endanger the life or safety of those at work in the fields of plaintiffs' farm; and as conclusions of law the court directed judgment to be entered enjoining the defendant city from so operating its stone quarry as to cast stones upon plaintiffs' home or farm buildings, or in such quantities or of such sizes as in any way to endanger the life or safety of those at work upon plaintiffs' farm, or such as shall in any manner damage the crops growing upon plaintiffs' farm.

Judgment was entered accordingly, to which judgment the defendant took exception and appealed therefrom. An examination of the evidence discloses that the findings of the court are fairly substantiated. It is unnecessary to set out the evidence in detail.

*V. H. Cady,* city attorney, for the appellant.

For the respondents there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer* and *Norman Quale.*

CROWNHART, J. It is contended by the appellant that it is impossible for it to operate its quarry successfully under the judgment of the court. It claims that the language of the judgment, preventing the city from casting stones upon plaintiffs' land "in such quantities or of such sizes as in any way to endanger the life or safety of those at work upon plaintiffs' farm, or such as shall in any manner damage

the crops growing upon plaintiffs' farm," will prevent the appellant from making profitable use of its quarry. The court seemed to think otherwise, and cites the fact that prior to 1922 the quarry was operated so as not to endanger the plaintiffs' home and growing crops. However that may be, unless the plaintiffs are by lease or conveyance estopped from making complaint, they are entitled to the use and enjoyment of their premises free from the trespasses of the appellant. There may be inconsequential trespasses which a court of equity would not enjoin, but, generally speaking, every person has the right to use his private premises free from trespasses of strangers to the title. In this case the damages were not inconsequential or conjectural, but were actual and substantial. If it be true that the city cannot operate its quarry without casting stones upon adjoining premises so as to endanger life or materially damage crops, it behooves the city to acquire additional territory in which to conduct its dangerous enterprise.

It is not seriously contended that the lease under which the appellant claims, gives it any right to trespass upon plaintiffs' premises outside the limits described in the lease. While the language of the decision, taken literally, might be construed to prevent the defendant from casting any stones whatever on the premises of plaintiffs, we give the language a fair and reasonable construction, and, so construed, the defendant is enjoined from casting stones on plaintiffs' premises so as to endanger life or to materially damage crops. So construed, the judgment may stand.

*By the Court.*—The judgment of the circuit court is affirmed.